IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY L. MILLIGAN,

      Petitioner,                        No. CIV S-08-2766 MCE EFB P

      vs.

PAM AHLIN, Warden,

      Respondent.                        <u>ORDER</u>

                                  /

Petitioner, who is under an order of civil commitment and is not represented by counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending is respondent's motion to dismiss on the grounds that petitioner has not exhausted his state remedies. Petitioner opposes the motion. For the reasons explained below, the court finds that the petition contains both exhausted and unexhausted claims, and orders petitioner either to move for a stay and justify his failure to exhaust his unexhausted claims, or in the alternative, to file an amended petition with exhausted claims only.

**I.**       **Procedural History**

Petitioner was found to be a sexually violent predator and was committed to the state Department of Mental Health for confinement at Coalinga State Hospital for an indefinite term. *People v. Milligan*, No. C056488, 2008 WL 2755232 at *1 (Cal. Ct. App. July 16, 2008).

1

Petitioner appealed the commitment order to the California Court of Appeal. *Id.* The Court of Appeal issued an unpublished opinion affirming the judgment. *Id.* Petitioner filed a petition for review in the California Supreme Court, which was denied. Resp.'s Mot. to Dism. ("Mot."), Docs. Lodg. in Support Thereof ("Lodg. Doc.") 4, 5. Petitioner then filed the instant habeas petition.

**II.    Standards**

Respondent contends that petitioner has not exhausted his state remedies with respect to two of the claims in his petition. *See* Mot. at 1. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). A petitioner "has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident...." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

The court may stay a mixed petition, *i.e.*, one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate when there was good cause for the petitioner's failure to exhaust his claims first in state court, his unexhausted claims are not plainly meritless, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Id.* at 277.

**II.     Analysis**

Respondent argues that petitioner has not exhausted the second and fourth claims in his petition. Mot. at 3. Petitioner contends that he has exhausted his claims, yet concedes that the fourth claim is based on new evidence that was not available at the time of his appeals. Pet'r's Opp'n to Mot. to Dism. ("Opp'n") at 3. The court finds that petitioner has not exhausted either claim.

The second claim in the instant petition is that petitioner's due process rights were violated when he was involuntarily committed based solely on evidence of past behavior, without any evidence of a current mental disorder or a recent history of problems controlling himself. Pet. at F. Petitioner raised a similar claim in his petition for review to the California Supreme Court, writing that because "commitment of a sexually violent predator is based on the defendant's mental state <u>at the time of commitment</u>" then courts should take into account evidence of "any signs and symptoms from which the alleged SVP is suffering *at that time* . . . in lieu of the current forensic model of historical evidence." Lodg. Doc. 4 at 16-17 (emphases in original). However, petitioner failed to specifically indicate to the California Supreme Court that this claim was based on federal law. He did not cite any federal authority or even use the term "due process" in this section of his state petition. *See id.* Therefore petitioner's second claim has not been fairly presented to the California Supreme Court, and is unexhausted.

Petitioner's fourth claim is that his due process rights were violated by the use in his case of a "structured risk assessment instrument," the Static-99, that dramatically over predicted his

3

risk of recidivism. Opp'n at 3; Pet. at G. Petitioner did not include this claim in his state petition. However, it appears that he could not have included it, because his petition for review in the California Supreme Court was filed in August of 2008, whereas the Static-99 may not have not discredited until October. *See* Lodg. Doc. 4 at 32; Pet. at F-G (describing October 2008 presentation on the Static-99's inaccuracy). Accordingly, petitioner's fourth claim is also unexhausted, but there may be good cause for his failure to exhaust.

As noted, the court may stay this action and hold it in abeyance while petitioner presents his two unexhausted claims to the California courts. *Rhines*, 544 U.S. at 277-78. However, petitioner carries the burden of demonstrating that he has good cause for his failure to exhaust, that the unexhausted claims potentially have merit and that petitioner has not engaged in intentionally dilatory litigation tactics. *Id.*

Accordingly, it is hereby ORDERED that:

1. Petitioner has 30 days from the date of this order to file an amended petition including exhausted claims only, or file a motion explaining why this court should stay this action and hold it in abeyance while he exhausts his unexhausted claims in state court. The motion to stay must address the *Rhines* factors described above. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2. The Clerk of the Court is directed to terminate docket entry number 13.

Dated: February 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE